UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIREFLY EQUITIES LLC,

                                    Case No. 10-civ-01868 (JSR)

             Plaintiff,

v.

ULTIMATE COMBUSTION CO., INC. and
NAUM STAROSELSKY, Individually,

             Defendants.
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS

HARRINGTON, OCKO & MONK, LLP
*Attorneys for Defendants*
81 Main Street, Suite 215
White Plains, New York 10601
(914) 686-4800 tel.
(914) 686-4824 fax

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................-ii-

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTUAL ALLEGATIONS ...................................................................... 3

ARGUMENT ................................................................................................................................ 4

I.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO
RULE 12(B)(2) AS TO STAROSELSKY BECAUSE THE COMPLAINT
LACKS SUFFICIENT NON-CONCLUSORY ALLEGATIONS FOR THE
COURT TO EXERCISE PERSONAL JURISDICTION OVER STAROSELSKY .......... 4

    A.     Plaintiff's barebones allegations do not support the exercise of jurisdiction
by the Court over Defendant Staroselsky. ........................................................... 4

    B.     Plaintiff's conclusory argument that there is long-arm jurisdiction over
Staroselsky pursuant to C.P.L.R. § 302(a)(1),(2), and (3) is entirely lacking in
merit and must be rejected. ................................................................................... 5

        1.     C.P.L.R. § 302(a)(1) ................................................................................. 6

        2.     C.P.L.R. § 302(a)(2) ................................................................................. 8

        3.     C.P.L.R. §302(a)(3) .................................................................................. 9

    C.     The exercise of long-arm jurisdiction against Staroselsky does not satisfy
constitutional due process standards. .................................................................. 10

CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25 (2d Cir. 1996) .................. 6

*Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F.Supp. 494 (S.D.N.Y. 1997) .......... 9

*Andy Stroud, Inc. v. Brown*, 2009 WL 539863 (S.D.N.Y. Mar.4, 2009) ........................................ 7

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779
 (2d Cir. 1999) ............................................................................................................... 8, 10, 11

*Barricade Books, Inc. v. Langberg*, 2000 WL 1863764 (S.D.N.Y. Dec. 19, 2000) ....................... 8

*Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997) ........................................................... 8

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ........................................................ 4

*Carlson v. Cuevas*, 932 F.Supp. 76 (S.D.N.Y.1996) .............................................................. 8, 9, 11

*CutCo Indus., Inc. v. Naughton*, 806 F.2d 361 (2d Cir. 1986) .................................................. 5, 6

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) ................................................ 6

*DirectTV Latin America v. Park 610, LLC*, 2010 WL 305201 (S.D.N.Y. 2010) .......................... 4

*Fantis Foods, Inc. v. Std. Importing Co.*, 49 N.Y.2d 317, 425 N.Y.S.2d 783,
 402 N.E.2d 122 (1980) ......................................................................................................... 9

*Gmurzynska v. Hutton*, 257 F.Supp.2d 621 (S.D.N.Y. 2003) ....................................................... 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868
 (1984); ................................................................................................................................ 11

*Hutton v. Priddy's Auction Galleries*, 275 F.Supp.2d 428 (S.D.N.Y. 2003) ................................ 7

*Ingraham v. Carroll*, 90 N.Y.2d 592, 665 N.Y.S.2d 10, 687 N.E.2d 1293 (1997) ....................... 9

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95
 (1945) ............................................................................................................................ 10, 12

*Johnson v. Ward*, 4 N.Y.3d 516, 797 N.Y.S.2d 33, 829 N.E.2d 1201 (2005) ........................... 6, 7

*Kramer v. Vogl*, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966) ................................ 8

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990) ............. 6

*McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 283 N.Y.S.2d 34,
29 N.E.2d 604 (1967) ............................................................................................. 7

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.* 84 F.3d 560 (2d Cir. 1996) ............ 4, 5, 10, 11

*National Telephone Directory Consultants, Inc. v. Bellsouth Advertising & Publishing Corporation*, 25 F.Supp.2d 192, 198 (S.D.N.Y. 1998) ............................................................................................. 10

*Newmarkets Partners LLC v. Oppenheim*, 638 F.Supp.2d 394 (S.D.N.Y. 2009) ............ 9

*Pi, Inc., v. Quality Prods., Inc.*, 907 F.Supp. 752 (S.D.N.Y. 1995) ............ 8

*Porina v. Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008) ............ 11

*Rawstone v. Maguire*, 265 N.Y. 204 (1935) ............ 7

*Siverls-Dunham v. Lee*, 2006 WL 3298964 (S.D.N.Y. 2006) ............ 7

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100 (2d Cir. 2006) ............ 7

*Stair v. Calhoun*, 2009 WL 792189 (E.D.N.Y. 2009) ............ 10

*Sunward Electric, Inc. v. McDonald*, 362 F.3d 17 (2d Cir. 2004) ............ 10

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 2002 WL 719471 (E.D.N.Y. Mar.1, 2002) ............ 8-9

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ............ 9

*Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, 2001 WL 1468168
(S.D.N.Y. Nov. 19, 2001) ............ 4-5, 9

*Zaveri v. Condor Petroleum Corp.*, 2009 WL 2461092 (W.D.N.Y. 2009) ............ 10-11

**Statutes**
CPLR § 302(a)(1), (2) and (3) ............................................................................................. passim

Defendant NAUM STAROSELSKY ("Staroselsky", or "Defendant") by and through his attorney, Harrington, Ocko & Monk LLP, seeks an order pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure dismissing Plaintiff FIREFLY EQUITIES LLC's ("Firefly" or "Plaintiff") Complaint due to lack of personal jurisdiction as to Defendant Staroselsky.

## PRELIMINARY STATEMENT

Plaintiff's only rationale for filing the present action is Plaintiff's desire to sue these Defendants in Plaintiff's own "backyard", rather than litigate with Defendants in a proper forum. Plaintiff's desire to sue Defendant Staroselsky in an improper forum to save litigation costs is not a proper or appropriate basis, nor does it preempt the requirement that there be personal jurisdiction as to all the Defendants.

While there is arguably no personal jurisdiction as to Defendant UCC in New York but for the fact that the Memorandum of Understanding dated April 9, 2008 ("MOU") entered into by and between UCC and Firefly only contained a provision that UCC and Firefly both submit to the jurisdiction of this Court with respect to any disputes between the parties over the MOU, there is certainly no personal jurisdiction over Defendant Staroselsky in New York. See Declaration of Michael W. Freudenberg in Support of Motion to Dismiss ("*Freudenberg Declaration*"), Exhibit "C".

Staroselsky has been a resident and registered voter in the State of Florida since 2003, does not own real or personal property in New York, does not operate a website, does not have any offices, bank accounts, employees, or vehicles in New York. See Declaration of Naum Staroselsky in Support of Motion to Dismiss ("Staroselsky Declaration"), ¶¶ 4-5. Plaintiff's Complaint fails to set forth any contacts that Staroselsky has with New York, let alone the requisite contacts for this Court to have personal jurisdiction over him, which is not surprising based upon his lack of contact with New York.

1

This Court must dismiss Plaintiff's Complaint as to Defendant Staroselsky because he does not have the requisite minimum contacts have any let alone the substantial, continuous or systematic contacts with New York which are required to subject a party to litigation in New York. Plaintiff's claims do not arise out of or result from Defendant Staroselsky's alleged activities in New York, he has not purposefully directed any activities to the forum state, and the exercise of jurisdiction in New York is inherently unreasonable. A review of Plaintiff's Complaint reveals that it is entirely devoid of any substantive factual allegations as to any contacts Staroselsky has with New York. Plaintiff instead chooses to provide a recitation of New York's long-arm statute as a basis for jurisdiction against Staroselsky.

Plaintiff relies heavily upon the choice of law/jurisdictional provision in the MOU to assert jurisdiction against both Defendants despite the fact that Staroselsky is not a party to such agreement. See *MOU, Freudenberg Declaration*, Exhibit "C", ¶ 12. At the outset, the Court should be aware that the MOU was prepared solely by Firefly. All actions taken by Staroselsky relevant to the MOU and all allegations against Staroselsky in the Complaint relate to alleged acts done in his capacity as President of UCC. But for the provision in the MOU that UCC consents to jurisdiction in New York, there is not the requisite jurisdictional facts for this Court to maintain personal jurisdiction over UCC, let alone Staroselsky. UCC does not, and has never, had an office in New York, does not have employees in New York, does not solicit business in New York, and did not attend any business meetings in New York with Plaintiff during the pendency of the MOU. Even in his capacity as President of UCC, Staroselsky did not conduct any meetings or have any discussions regarding Firefly's interest in investing in UCC in New York, as evidenced by the lack of such allegations in the Complaint.

For these reasons, and those more fully described below, the Court should dismiss Plaintiff's Complaint in its entirety as to Staroselsky.

## STATEMENT OF FACTUAL ALLEGATIONS

Despite the named Defendants and the various causes of action in the Complaint, Plaintiff is alleging a breach a contract action against UCC relating to the MOU. Plaintiff alleges in its Complaint that "[T]his Court has personal jurisdiction over Defendant UCC by virtue of its being a party to a written Memorandum of Understanding (MOU), in which defendant (UCC) expressly consented to personal jurisdiction in this Court and District." *See Complaint,* ¶ 6. As explained herein, and in the accompanying Declarations, whether UCC is subject to jurisdiction in New York is questionable even with choice of law/jurisdictional provision in the MOU, an agreement drafted by Firefly with a self-serving provision that provides for litigation in New York with respect to disputes pertaining to the agreement.

What is crystal clear is that this Court does not have personal jurisdiction over Staroselsky. Plaintiff's Complaint, which once again relates to alleged grievances that Plaintiff has with respect to UCC's performance of contractual obligations under the MOU, seeks to subject Staroselsky to jurisdiction before this Court based upon "New York's long-arm statute, CPLR § 302(a)(1), (2) and (3), and based upon his fraudulent acts committed both within and without the state, which subject him to jurisdiction in this Court and District." *See Complaint,* ¶ 7.

While Plaintiff self-servingly alleges in ¶ 8 of the Complaint that Defendants committed "tortuous and fraudulent acts within this District," Plaintiff fails to plead such fraud cause of action with any particularity let alone the requisite particularity to maintain such claims. Further, a review of the Complaint reveals that Plaintiff has not set forth a single act, let alone a tortious or fraudulent act" that either Defendant committed in New York. Such conclusory allegations by Plaintiff, without any factual allegations, are simply are insufficient for personal jurisdiction over Staroselsky.

# ARGUMENT

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)(2) AS TO STAROSELSKY BECAUSE THE COMPLAINT LACKS SUFFICIENT NON-CONCLUSORY ALLEGATIONS FOR THE COURT TO EXERCISE PERSONAL JURISDICTION OVER STAROSELSKY**

Plaintiff alleges in conclusory fashion in its Complaint that venue and jurisdiction are appropriate in this Court pursuant to "New York's long-arm statute, CPLR § 302(a)(1), (2) and (3), and based upon his fraudulent acts committed both within and without the state, which subject him to jurisdiction in this Court and District." *See Complaint,* ¶ 7. Plaintiff's woefully inadequate allegations regarding the contacts of Staroselsky with the forum and any acts of Mr. Staroselsky "within this District" do nothing more than mimic the language of the alleged statutes that Plaintiff argues are a basis for jurisdiction. As such, these allegations do not support personal jurisdiction over Staroselsky. Indeed, Plaintiff's allegations in its Complaint do nothing more than reflect the fact that there is no basis for personal jurisdiction over Staroselsky, and but for the jurisdictional provision in the MOU, there would be no basis for jurisdiction over UCC.

   A. **Plaintiff's barebones allegations do not support the exercise of jurisdiction by the Court over Defendant Staroselsky.**

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.* 84 F.3d 560, 566 (2d Cir. 1996. A plaintiff cannot rest on conclusory, bare allegations of the complaint to establish personal jurisdiction. *DirectTV Latin America v. Park 610, LLC*, 2010 WL 305201 at *6 (S.D.N.Y. 2010); *Gmurzynska v. Hutton*, 257 F.Supp.2d 621, 625 (S.D.N.Y. 2003)("conclusory allegations are not enough to establish personal jurisdiction"); *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, 2001 WL 146816, at *3 (S.D.N.Y. Nov. 19, 20001) ("The plaintiff [in opposing a

4

12(b)(2) motion] cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be 'factually supported.'")

Since a court sitting in diversity shall apply the law of the forum state in determining whether it has personal jurisdiction over a defendant, New York law is applicable. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). When a Court is determining the question of personal jurisdiction as to a defendant, the Court "must conduct a two-part inquiry: first, it must determine whether the plaintiff has shown that the Defendant is amenable to service of process under New York's long-arm statute; and second, it must assess whether the court's assertion of jurisdiction under that law is consistent with the requirements of due process. *Metropolitan Life Ins. Co.*, 84 F.3d at 567.

### B. Plaintiff's conclusory argument that there is long-arm jurisdiction over Staroselsky pursuant to C.P.L.R. § 302(a)(1),(2), and (3) is entirely lacking in merit and must be rejected.

Pursuant to CPLR § 302(a), this Court may exercise personal jurisdiction over a non-resident if it:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if [it]:

    i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce....

N.Y.C.P.L.R. § 302(a).

5

### 1. C.P.L.R. § 302(a)(1)

First, for jurisdiction to be obtained over a defendant pursuant to C.P.L.R. § 302(a)(1), the defendant must " 'transact business' within the state ." *See, e.g., CutCo Indus.*, 806 F.2d at 365; *Johnson v. Ward*, 4 N.Y.3d 516, 519, 797 N.Y.S.2d 33, 829 N.E.2d 1201 (2005). The Second Circuit, applying New York law, has stated that:

> A non-domiciliary "transacts business" under C.P.L.R. 302(a) (1) when he purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.
>
> No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper.

*CutCo Indus.*, 806 F.2d at 365 (citations omitted) (brackets in original).

When determining whether a party "has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006)(citations and quotation marks omitted). Controlling case law provides that a claim "arises out of" a defendant's transaction of business in New York "when there exists 'a substantial nexus' between the business transacted and the cause of action sued upon." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). "New York law requires that the defendant be present in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

Second, the claim against the non-resident must arise out of that business activity. *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996); *Johnson*, 4 N.Y.3d at 519, 797 N.Y.S.2d 33, 829 N.E.2d 1201. The Second Circuit has held that a "claim aris[es] from a particular transaction when there is some articulable nexus between

the business transacted and the cause of action sued upon or when there is a substantial relationship between the transaction or the claim asserted." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations and internal quotation marks omitted). Personal jurisdiction will not exist when the relationship is "merely coincidental". *See id.* at 104 (citing *Johnson*, 4 N.Y.3d at 520, 797 N.Y.S.2d 33, 829 N.E.2d 1201).

As explained by this Court in *Siverls-Dunham v. Lee*, 2006 WL 3298964, at *5 (S.D.N.Y. 2006), as "a general rule, an individual cannot be subject to personal jurisdiction in New York unless he is physically present in New York at the time of service, is a domiciliary of New York or consents to jurisdiction. *See Rawstone v. Maguire*, 265 N.Y. 204, 208-09 (1935). The continuous and systematic presence of the corporate officer may have bearing on the presence of the corporation under the 'doing business' test, but it does not render the officer, himself, present."

In evaluating "the totality of circumstances surrounding defendants' activities in New York in connection with the matter giving rise to the lawsuit", it is clear that Staroselsky is not subject to personal jurisdiction in New York. *Andy Stroud, Inc. v. Brown*, 2009 WL 539863, at *4 (S.D.N.Y. Mar. 4, 2009) (citation and internal quotation marks omitted). This is especially true here where Plaintiff seeks to have this Court seek jurisdiction over a Florida resident with no connections to New York since "New York courts have cautioned ... that 'defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact.'" *Hutton v. Priddy's Auction Galleries*, 275 F.Supp.2d 428, 439 (S.D.N.Y. 2003) (citing *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 383, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967)).

7

As explained in the supporting Declarations, Staroselsky is a Florida resident who did not consent to jurisdiction in New York, was served with the Complaint in Florida, UCC's office is in Florida, no activities occurred in New York, and he does not own property or have a bank account in New York. It is clear that personal jurisdiction as to Staroselsky does not exist pursuant to C.P.L.R. § 302(a)(1).

2. **C.P.L.R. § 302(a)(2)**

Pursuant to C.P.L.R. § 302(a)(2), jurisdiction may be exercised over a non-domiciliary who "commits a tortious act" within New York. "To satisfy New York's long-arm statute, the complaint must 'adequately frame a cause of action in tort arising from those acts.'" *Pi, Inc., v. Quality Prods., Inc.*, 907 F.Supp. 752, 760 (S.D.N.Y.1995) (citation omitted) (brackets in original); *accord Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 785 (2d Cir. 1999)(plaintiff must aver facts sufficient to establish commission of tort). Here, the allegations in Plaintiff's Complaint arise out of an alleged breach of contract, namely the MOU entered into by and between Plaintiff and UCC, not a tort that C.P.L.R. § 302(a)(2) and (3) jurisdiction is based upon.

The Second Circuit and this Court has "consistently interpreted § 302(a)(2) jurisdiction narrowly," *Carlson v. Cuevas*, 932 F.Supp. 76, 79 (S.D.N.Y.1996) (citing cases); *accord Barricade Books, Inc. v. Langberg*, 2000 WL 1863764, at *3 (S.D.N.Y. Dec. 19, 2000) (citing cases), and have held that "to qualify for jurisdiction under this subsection, 'a defendant's act or omission [must have] occur[red] within the State.' " *Bank Brussels Lambert*, 171 F.3d at 789-90 (quoting *Kramer v. Vogl*, 17 N.Y.2d 27, 31, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966)) (brackets in original): *accord Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28-29 (2d Cir. 1997)(same) (collecting cases); *Barricade Books, Inc.*, 2000 WL 1863764, at *3 (same); *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 2002 WL 719471, at *3 (E.D.N.Y. Mar. 1, 2002) ("to

8

establish jurisdiction under ... [section 302(a)(2)], a person must be physically present within the state when the tortious act is committed"); *Yellow Page Solutions*, 2001 WL 1468168, at *8 ("Under § 302§ 302(a)(2) a defendant's physical presence in New York is a prerequisite to jurisdiction."); *Carlson*, 932 F.Supp. at 80 ("To subject non-residents to New York jurisdiction under § 302(a) (2) the defendant must commit the tort while he or she is physically in New York State.").

Here, there are no allegations that Staroselsky ever traveled to New York during the contract period and there is not a single allegation that he committed any tort while in New York. Thus, jurisdiction pursuant to CPLR § 302(a)(2) is likewise not applicable.

### 3. C.P.L.R. § 302(a)(3)

Pursuant to C.P.L.R. §302(a)(3), the Plaintiff "must show both that an injury occurred 'within the state,' and that the elements of either clause (i) or (ii) have been satisfied." *Ingraham v. Carroll*, 90 N.Y.2d 592, 665 N.Y.S.2d 10, 687 N.E.2d 1293, 1294 (1997). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (internal citations omitted); *see also Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F.Supp. 494, 497 (S.D.N.Y. 1997) ("[I]t is not sufficient to satisfy section 302(a)(3) that a plaintiff is located in New York and lost profits there." (citing *Fantis Foods, Inc. v. Std. Importing Co.*, 49 N.Y.2d 317, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). Rather, personal jurisdiction "must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there." *Newmarkets Partners LLC v. Oppenheim*, 638 F.Supp.2d 394 (S.D.N.Y. 2009), *citing Fantis Foods, Inc.*, 402 N.E.2d at 126.

9

In cases such as the one at bar where there are allegations of a non-physical, commercial injury, the "injury occurs at the location of the original events that caused the injury, not the location where the resultant damages are felt by the plaintiff", for long-arm jurisdiction. *National Telephone Directory Consultants, Inc. v. Bellsouth Advertising & Publishing Corporation*, 25 F.Supp.2d 192, 198 (S.D.N.Y. 1998). Here, Plaintiff has failed to plead anything other than potential economic injury occurring in New York as a result of an alleged breach of the agreement entered into with UCC only. However, the fact that Plaintiff is based in New York "is not enough under the law to sustain a legal 'injury within the state' for the purposes of Section 302(a)(3)." *Stair v. Calhoun*, 2009 WL 792189, at *8 (E.D.N.Y. 2009), citing *Bank Brussels Lambert*, 171 F.3d at 791. Accordingly, Plaintiff's Complaint also fails to properly plead personal jurisdiction as to C.P.L.R. §302(a)(3). Thus, long-arm jurisdiction does not exist as to Staroselsky pursuant to either CPLR § 302(a)(1), (2), or (3).

### C. The exercise of long-arm jurisdiction against Staroselsky does not satisfy constitutional due process standards.

In addition to the all the reasons why Staroselsky is not subject to personal jurisdiction in New York pursuant to New York's long-arm statute, he is also not subject to jurisdiction before this Court based upon constitutional due process. The "exercise of long-arm jurisdiction ... by a New York Court must also satisfy constitutional due process standards." *Sunward Electric, Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). Due process requires that a non-resident defendant must have certain minimum contacts with the forum such that "the maintenance of suit does not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Metropolitan Life Ins. Co.*, 84 F.3d 560, 567 (2d Cir. 1996).

A defendant whose contacts with the forum state are substantial or continuous and systematic can be haled into court in that state in any action. *Zaveri v. Condor Petroleum Corp.*,

2009 WL 2461092 *3 (W.D.N.Y. 2009). The standard for such general jurisdiction is fairly high and requires that the defendant's contacts be of a sort that approximate physical presence. *Carlson,* 932 F.Supp. at 79. Indeed, engaging in commerce with residents of the forum state is not, alone, the kind of activity that approximates physical presence. *Bank Brussels Lambert,* 171 F.3d at 789-90

Plaintiff does not allege any facts whatsoever that show that Staroselsky has a substantial, or continuous and systematic contacts with New York. "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic business contacts" with this forum. *Metro. Life Ins. Co v. Robertson-Ceco Corp.,* 84 F.3d 560, 568 (2d Cir.1996) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868 (1984); *accord Porina v. Marward Shipping Co.,* 521 F.3d 122, 128 (2d Cir. 2008). Staroselsky has been a resident and registered voter in the State of Florida since 2003. He does not own real or personal property in New York. Further, he does not have any offices, bank accounts, employees, or vehicles in New York. *See Staroselsky Declaration* at ¶¶ 4, 5.

It is clear that the exercise of jurisdiction over Staroselsky would be inherently unreasonable. Plaintiff's bare-boned, conclusory allegations in the Complaint without any factual references are plainly insufficient to make out a *prima facia* case in support of personal jurisdiction against pursuant to New York's long-arm statute C.P.L.R. § 302(a)(1), (2), and (3). Assuming *arguendo* that Plaintiff did properly plead allegations in the Complaint to make out a *prima facia* case in support of personal jurisdiction (which Plaintiff has woefully failed to do), due process is not satisfied as Staroselsky does not even come close to having the requisite minimum contacts with New York. Finally, the exercise of jurisdiction over him would "offend

the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. at 316.

Therefore, because of the significant pleading failures in Plaintiff's Complaint as to Staroselsky, and the unreasonableness of hauling them into this forum, the Court should dismiss this action as to Staroselsky in its entirety.

## CONCLUSION

For the reasons articulated above and in the accompanying declarations, Defendants respectfully request that the Court dismiss Plaintiff's action with prejudice as to Defendant Staroselsky for lack of personal jurisdiction.

Dated: White Plains, New York
      May 3, 2010

<div style="text-align:right">

HARRINGTON, OCKO & MONK, LLP

s/ Michael W. Freudenberg
By:_____
Kevin J. Harrington (KH-5027)
Michael W. Freudenberg (MF-4425)
*Attorneys for Defendants*
81 Main Street, Suite 215
White Plains, New York 10601
(914) 686-4800

</div>